**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **MAURICE MUNCIE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 1:12-CV-88 PS** |
| | ) | |
| **SUPERINTENDENT,** | ) | |
| **Allen County Jail,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**OPINION AND ORDER**

Maurice Muncie is a prisoner confined at the Allen County Jail, and he filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2009 Allen County convictions for operating a vehicle while intoxicated, for being a habitual traffic offender, and for resisting law enforcement [DE 1].  According to the petition, Muncie was sentenced for these three convictions on March 16, 2009 [*Id.* at 1].  Muncie did not take a direct appeal nor did he file a petition for post-conviction relief challenging his conviction [*Id.*].  He did however file a motion to clarify with the trial court on February 16, 2012, which the trial court denied on March 16, 2012 [*Id.* at 2].  Muncie did not appeal the denial of his motion to clarify [*Id.*].

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

28 U.S.C. § 2254(b)(1)(A) provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State."  Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available remedies in the state courts.  *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004).

To fully exhaust state court remedies, a habeas petitioner must present his claims to the state's appellate courts and seek discretionary review from the State's highest court where that review is normal, simple, and an established part of the State's appellate review process. *O'Sullivan v. Boerckel* 526 U.S. 838, 846-47 (1999). Failure to exhaust available state court remedies constitutes a procedural default.  To avoid a procedural default, a petitioner must have presented his federal claims to the state courts before he seeks federal review of these claims.  *Id.* at 844-45.  Because Muncie has not presented any of his issues to the Indiana court of appeals or supreme court, he is procedurally defaulted.

I have discretion to stay rather than dismiss the habeas petition of a petitioner who has potentially meritorious unexhausted claims when a dismissal "would effectively end any chance at federal habeas review."  *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006).  "In such circumstances, the district court should stay, rather than dismiss the . . . petition." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).  The stay-and-abeyance procedure established by *Rhines* is, however, "limited to *timely* petitions."  *Parmley v. Norris*, 586 F.3d 1066, 1073 (8th Cir. 2009), *cert. denied*, 130 S. Ct. 3522 (2010) (emphasis in original).  Accordingly, if Muncie filed this petition for writ of habeas corpus beyond the statute of limitations, there is no basis to stay it.

2

Pursuant to 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petition for writ of habeas corpus seeking federal collateral relief from a state conviction must be filed within one year of the date on which (1) the  judgment became final by the conclusion of direct review; (2) a state created unconstitutional impediment to appeal was removed; (3) the constitutional right asserted was recognized by the United States Supreme Court and made retroactively applicable to the states; or (4) the factual predicate for the claims could have been discovered through the exercise of due diligence.  Section 2244(d)(2) provides that a properly filed state application for post-conviction relief or other collateral review tolls the statute of limitations for the period during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see Artuz v. Bennett*, 531 U.S. 4, 5 (2000).

Muncie was sentenced on March 16, 2009, and he does not assert that any of the other predicates listed in Section 2244(d)(1) are present in this case.  Accordingly, Muncie's conviction was final on April 15, 2009, when the time to take a direct appeal expired. The statute of limitations on Muncie's claim ended on April 15, 2010, unless tolled.  Muncie did not file a timely collateral attack on his conviction staying the statute of limitations.

The clerk received Muncie's petition for writ of habeas corpus on March 21, 2012.  But the "mailbox" rule, established in *Houston v. Lack*, 487 U.S. 266 (1988), provides that a prisoner's submission to the court is to be deemed as "filed" on the date he delivers it to prison authorities for forwarding to the court.  Muncie signed his petition for writ of habeas corpus on March 16, 2012 (DE  1 at 6), so I will use that date as the

3

filing date.  But of course March 16, 2012, is well beyond the one year statute of limitations in this case.  Because the statute of limitations expired before the Petitioner filed his petition for writ of habeas corpus, the stay-and-abeyance procedure established by *Rhines* is unavailable to him.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, I must consider whether to grant Muncie a certificate of appealability.  To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted).

When a court dismisses a habeas petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling.  *Id.* at 484.  Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right.  *Id.*  To obtain a certificate of appealability, the petitioner must satisfy both components.  *Id.* at 485.

For the reasons stated in this memorandum, I concluded that Muncie's petition must be dismissed because he has not exhausted his state court remedies.  Muncie has not established that jurists of reason could debate the correctness of this procedural ruling or find a reason to encourage him to proceed further.  Accordingly, I decline to issue Muncie a certificate of appealability.

For the foregoing reasons, the Court **DISMISSES** this petition without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and **DECLINES** to issue the Petitioner a certificate of appealability.

**SO ORDERED**.

ENTERED: April 2, 2012

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

5